JUNIUS BEEBE, TRUSTEE OF ESTATE UNDER WILL OF MARCUS BEEBE, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52707. Promulgated May 27, 1932.

*Thomas H. Ray, Esq.*, for the petitioner.

*James K. Polk, Jr., Esq.,* and *Harold F. Noneman, Esq.,* for the respondent.

192

OPINION.

MORRIS: Section 23 of the Revenue Act of 1928 provides that:

In computing net income there shall be allowed as deductions:

\*   \*   \*   \*   \*   \*   \*

(c) *Taxes generally.*—Taxes paid or accrued within the taxable year, except—

\*   \*   \*   \*   \*   \*   \*

For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate.

The contention of the respondent is, in effect, that since the statute provides that the deduction " shall be allowed   \*   \*   \*   only to the estate," and since the petitioner is a *trust* estate it is not entitled to the deduction. He argues that the term " estate " as used in section 23 should be construed in the " technical sense " which includes only those estates administered by executors and administrators and not by testamentary trustees.

We find no authority in the general law nor do we find the slightest suggestion associated with the purpose for the enactment of the provision in question which would so restrict the term. Statutes must be construed so as to give full effect to the purpose of their enactment and the intention of the body enacting them. It seems clear that the primary intention of the Congress was to allow a deduction, unqualifiedly, for " estate, inheritance, and succession taxes," which might be at any time imposed upon property of deceased persons falling within the estate, inheritance, legacy and succession tax statutes of the various states. Can it be said to have made such an allowance on the one hand and on the other to have restricted

the deduction to only certain classes of fiduciaries charged with the testamentary distribution of such property, namely, executors and administrators? We think not.

The word " estate " was used in a sense sufficiently broad to include any and all fiduciaries required by the laws of the state to respond in the payment of estate, legacy, inheritance or succession taxes, whether it be a trust estate or an estate presided over by executors and administrators, usually and commonly referred to as legal representatives.

The Massachusetts statute under which this sum was paid imposed the tax upon " property or interests therein, passing by will or by laws regulating interstate succession   *   *   *   payable by the executors, administrators or trustees in office when such right of possession accrues   *   *   *." (General Laws of Massachusetts, ch. 65, sec. 7.) It so happened that the party in office when this tax became payable was a trustee, the petitioner here, who had, however, already served in the capacity of executor and had filed his final accounting with the court as such officer. It would be a forced and unreasonable construction of the taxing statute to hold, by reason of the fact that the tax did not fall due against the estate during the term of office of the executor or administrator, the deduction being imposed nevertheless upon the testamentary trustee by the state statute, that the trustee could not take the deduction in the computation of net taxable income of the decedent's estate.

Furthermore, although section 23 specifies to whom the deduction for estate, inheritance, legacy and succession taxes shall be confined, the really substantive purpose of that particular provision was not to define the class or classes of taxpayers entitled to the deduction of such taxes in the computation of net income, but to avoid a confusion which had theretofore existed as to whether the estate or beneficiaries were entitled to the deduction, based upon the conclusion whether the state tax was levied on the right to transmit or the right to receive the decedent's property.

Therefore, it is our opinion that the term " estate " as used in section 23, *supra*, is broad enough to include all estates deriving their powers from the will of a decedent which are required by the statutes of the state to pay inheritance, estate, legacy, and succession taxes upon property of deceased persons, whether the person charged with its administration be an administrator, executor, or a testamentary trustee. Any other interpretation would defeat the clearly intended purpose of the statute, and would in the instant case preclude any deduction whatsoever.

*Decision will be entered under Rule 50.*