THE PENNSYLVANIA COMPANY FOR INSURANCES ON LIVES AND GRANT-
ING ANNUITIES, EXECUTOR AND TRUSTEE UNDER THE WILL OF
JOSEPH G. HENDRICKSON, PETITIONER, *v.* COMMISSIONER OF IN-
TERNAL REVENUE, RESPONDENT.

Docket No. 73029. Promulgated April 18, 1935.

*Frederick H. Spotts, Esq.*, for the petitioner.
*Roy N. McMillan, Esq.*, and *W. H. Payne, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent disallowed a claimed deduction for in-
heritance tax paid to the Commonwealth of Pennsylvania, and as
the result of such disallowance he determined a deficiency in income
tax for the year 1930 in the amount of $708.94. The parties have
stipulated that the sole question for decision is whether or not the
respondent erred in disallowing the claimed deduction.

The facts were stipulated at length; we summarize them briefly
here. Joseph G. Hendrickson, a resident of Pennsylvania, died
testate November 14, 1915. The petitioner became substituted exec-
utor and trustee under the will upon the death of the individual
nominated in the will. By the terms of the will the decedent gave
four fifteenths of his residuary estate to his executors in trust for
the benefit of Addie C. Carpenter for and during the term of her
natural life, with remainder over at her death. Addie C. Carpenter
died May 9, 1930. Under the provisions of the Pennsylvania Inheri-
tance Act of June 20, 1919, P. L. 521, upon the death of Addie C.
Carpenter there became due to the Commonwealth of Pennsylvania
collateral inheritance tax at the rate of 5 percent upon the reap-
praised value of the estate passing to the remaindermen as of the
date of death of the life tenant. On November 8, 1930, the petitioner,
as trustee, paid such collateral inheritance tax in the sum of $20,-
480.61, which was the tax due upon the transfer of the estate of
the decedent passing to the remaindermen upon the death of Addie
C. Carpenter. Such tax was not due and payable by the trustee until
the death of the life tenant on May 9, 1930. In returning the net
income of the estate for the calendar year 1930 the petitioner claimed
as a deduction the $20,481.61 tax paid by it. The respondent disal-
lowed the deduction so claimed.

The respondent's disallowance of the claimed deduction is predicated on that part of section 23 (c) of the Revenue Act of 1928 which provides that " For the purpose of this subsection, estate, inheritance, legacy, and succession taxes  *  *  *  shall be allowed as a deduction only to the estate." His argument is that the phrase " the estate " in the statute means " the decedent's estate properly speaking." That includes, as we understand the argument, only estates administered by executors or administrators, and not those in the hands of testamentary trustees.

The same question was presented and decided in *Junius Beebe, Trustee*, 26 B. T. A. 190; affd., 67 Fed. (2d) 662. It is not claimed that any different decision is required by reason of the *Beebe* case originating in Massachusetts and this one in Pennsylvania. Nor is it claimed that there is any difference in facts between the two cases which would warrant a different conclusion. In the *Beebe* case we allowed the deduction claimed by the trustee, saying in part:

The word " estate " was used in a sense sufficiently broad to include any and all fiduciaries required by the laws of the state to respond in the payment of estate, legacy, inheritance or succession taxes, whether it be a trust estate or an estate presided over by executors and administrators, usually and commonly referred to as legal representatives.

In the absence of a showing for any reason for holding otherwise, we follow the decision in the *Beebe* case, and hold that the respondent erred in disallowing the deduction claimed.

*Decision will be entered for the petitioner.*